**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ronald GAMBLE, Defendant–Appellant.**

**No. 08–14528**
**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Feb. 3, 2009.

Lisette M. Reid, U.S. Attorney's Office, S.D. Florida, Miami, FL, Anne R. Schultz, Kathleen M. Salyer, Laura Thomas Rivero, U.S. Attorney's Office, Miami, FL, for Plaintiff–Appellee.

Bernardo Lopez, Ft. Lauderdale, FL, Kathleen M. Williams, Miami, FL, for Defendant–Appellant.

Before TJOFLAT, DUBINA and FAY, Circuit Judges.

PER CURIAM:

Ronald Gamble appeals the district court's denial of his motion for reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 706 to the Sentencing Guidelines. For the reasons set forth below, we affirm.

## I.

Gamble pled guilty to possession with intent to distribute five or more grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). The government filed a substantial assistance motion, pursuant to § 5K1.1. The district court set Gamble's base offense level at 30, pursuant to U.S.S.G. § 2D1.1(c), and applied a 3–level reduction, pursuant to U.S.S.G. § 3E1.1. The district court set Gamble's criminal history category at IV. The district court determined that, with a total offense level of 27 and a criminal history category of IV, Gamble's guideline imprisonment range was 100 to 125 months. The district court acknowledged, however, that Jones had a prior drug conviction, such that his statutory mandatory range of imprisonment was ten years to life, pursuant o 21 U.S.C. § 841(b)(1)(B). The district court concluded, therefore, that Gamble's guideline imprisonment range was 120 and 125 months' imprisonment, pursuant to U.S.S.G. § 5G1.1(c)(2). The district court then granted the government's § 5K1.1 downward departure motion and sentenced Gamble to 60 months' imprisonment. On March 31, 2008, Gamble submitted the instant § 3582(c)(2) motion. The district court denied Gamble's motion for reduction of sentence, reasoning that:

> [Gamble] was subject to a 10 year minimum mandatory sentence. As such, [Gamble] is not entitled to the 2 level reduction. Amendment 706 does not apply in this case. Though [Gamble] received a sentence reduction pursuant to [§ 5K1.1], such reduction does not have the effect of altering the original guideline calculation.

## II.

We review *de novo* "the district court's legal conclusions regarding the scope of its authority under the [Guidelines]." *United States v. Moore,* 541 F.3d 1323, 1326 (11th Cir.2008). Pursuant to § 3582(c)(2), a district court may reduce an already-incarcerated defendant's sentence if the sentence was determined using a guideline imprisonment range that retroactive amendments to the Guidelines have reduced. 18 U.S.C. § 3582(c).

The commentary to the Guidelines instructs that a defendant is not eligible for a § 3582(c)(2) reduction "if the amendment [in question] does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment.)" U.S.S.G. § 1B1.10, comment. (n.1(A)). In a recent published case, *United States v. Williams,* 549 F.3d 1337, ——–——, slip op. at 452–55 (11th Cir. 2008), we held that this principle applied even where the district court departed downward from a statutory mandatory minimum term of imprisonment pursuant to a § 5K1.1 motion. We reasoned that, (1) given the statutory mandatory minimum term of imprisonment, the "district court's point of departure would not shift as a result of [Amendment 706's] lowering of the crack offense levels"; and (2) "the decreased sentence [imposed pursuant to the § 5K1.1 motion] should [not] be read to somehow eliminate the otherwise applicable mandatory minimum." *Id.* at 1340–41. We concluded that "[b]ecause [the defendant] was subject to a statutory mandatory minimum that replaced his original sentencing guideline range, he was not sentenced according to the base offense level in § 2D1.1, even taking into account the § 5K1.1 downward departure." *Id.* at 1342.

## III.

The district court did not err in denying Gamble's § 3582(c)(2) motion. *See Moore,*

541 F.3d at 1326. Gamble was sentenced pursuant to a statutory mandatory minimum term of imprisonment, and departure therefrom pursuant to a substantial assistance motion, rather than a guideline imprisonment range that ultimately was altered under Amendment 706. *See* U.S.S.G. § 1B1.10, comment. (n.1(A)); *Williams,* 549 F.3d at –––– – ––––, slip op. at 452–55. Accordingly, we affirm.

**AFFIRMED.**